**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM NEMLOWILL,<br><br>                              Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No.: 16CV1642-MMA (WVG)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. No. 3] |

On June 28, 2016, Plaintiff Jim Nemlowill filed this action against the United States seeking injunctive relief pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3). [Doc. No. 1.] Plaintiff contemporaneously filed an *ex parte* motion requesting the Court issue a temporary restraining order ("TRO") and an order to show cause as to why the Court should not grant a preliminary injunction. [Doc. No. 3.] For the following reasons, the Court **DENIES** Plaintiff's motion.

### BACKGROUND

Plaintiff is a trustee of the Jim Nemlowill Hay Contracting Profit Sharing Trust, which contains Plaintiff's retirement funds and those of 80 employees and former employees of Jim Nemlowill Hay Contracting ("JNHC") pursuant to a pension plan. The Internal Revenue Service (IRS) has assessed tax liens against Plaintiff and JNHC and has filed a Notice of Levy against the pension plan. Plaintiff seeks to enjoin the Internal

Revenue Service from levying against the pension plan pursuant to ERISA section 502(a)(3). 29 U.S.C. § 1132(a)(3).

## LEGAL STANDARD

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, 2006 WL 5003362, at *2 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)). Under either formulation, a movant must at minimum show "a fair chance of success on the merits, or questions serious enough to require litigation," and "a significant threat of irreparable injury." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987); *see also Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006). The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006).

Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). Although the restrictions imposed are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 438–39 (1974). This Court

1  hears motions for temporary restraining orders ex parte only "in extraordinary
2  circumstances." Civil Chambers Rule No. V.

### DISCUSSION

The Court denies Plaintiff's motion for three reasons: (1) Plaintiff has not established that this Court has subject matter jurisdiction over this action; (2) Plaintiff has not established that the Anti-Injunction Act, 26 U.S.C. § 7421, does not bar this action; and (3) Plaintiff has not satisfied the Federal Rule 65(b) standard applicable to unnoticed TROs.

First, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that federal courts do not have jurisdiction unless the party asserting jurisdiction demonstrates otherwise. *Id.* "Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The United States may not be sued unless it has waived its sovereign immunity. *Id.* Courts may not imply the government's waiver; rather, the government must have unequivocally expressed it. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Here, Plaintiff does not address the issue of sovereign immunity. Plaintiff sues the United States pursuant to ERISA section 502(a)(3) which allows participants, beneficiaries, or fiduciaries of retirement plans to file a civil action seeking to "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" or "obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). While this provision may allow Plaintiff to commence a civil action, it does not provide a waiver of sovereign immunity, such that Plaintiff may seek to enjoin an "act or practice" of the United States through one of its agencies. *See Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994) (noting that the only waiver of sovereign immunity in 29 U.S.C. § 1132 is an inapplicable provision allowing some actions against the Secretary of Labor). Accordingly, Plaintiff has not demonstrated that this Court has subject matter jurisdiction over this action.

Second, in order to obtain a TRO or a preliminary injunction, a movant must show (1) some degree of probability of success on the merits or serious questions requiring litigation, and (2) demonstrate a serious threat of irreparable harm. *Arcamuzi*, 819 F.2d at 937; *Bazaar Del Mundo, Inc.*, 448 F.3d at 1123. A movant cannot satisfy the first prong where the movant's action is barred by the Anti-Injunction Act. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. "The principal purpose of the Anti-Injunction Act is to preserve the Government's ability to assess and collect taxes expeditiously with 'a minimum of preenforcement judicial interference' and 'to require that the legal right to the disputed sums be determined in a suit for refund.'" *Church of Scientology of California v. United States*, 920 F.2d 1481, 1484–85 (9th Cir. 1990) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974)). Plaintiff argues the Act does not bar this action because an exception applies for "unusual and extraordinary circumstances" pursuant to *Monge v. Smyth*, 229 F.2d 361 (9th Cir. 1956).[1] Plaintiff contends that such circumstances exist because "the IRS's refusal to recognize the funds as a retirement account are [sic] harming 79 individuals other than the taxpayer whose tax liabilities they are assessing." [Doc. No. 3.]

However, Plaintiff's reliance on *Monge* is misguided because *Monge* "was decided prior to prior to the 1962 Supreme Court decision in *Enochs v. Williams Packing & Navigation Co.*" *Church of Scientology*, 920 F.2d at 1485 (citing *Enochs*, 370 U.S. 1 (1962)). "Rather than providing a separate and independent exception to the Anti–Injunction Act, the Supreme Court has instructed that [*Monge* and other decisions] are part of an earlier generation of dissonant case law which was harmonized in the *Williams Packing* decision." *Id.* Pursuant to *Williams Packing*, there now exists only one narrow, judicially created exception to the Anti-Injunction Act, which allows an injunction

---

[1] Plaintiff does not contend that any statutory exceptions apply.

against the collection of a tax where (1) it is clear that the government could not prevail under any circumstances, and (2) the taxpayer demonstrates that he or she will otherwise suffer irreparable harm. *Id.*

Applying the correct formulation to Plaintiff's proffered set of facts, the Court finds Plaintiff's case does not fall within the *Williams Packing* exception. Plaintiff has not satisfied either prong of the exception. First, Plaintiff has not shown that the government could not prevail under any circumstances. Without citing any supporting authority, Plaintiff merely argues that the government has mistakenly failed to recognize Plaintiff's retirement fund as such. Second, Plaintiff has not demonstrated that he will suffer irreparable harm if the Court does not provide injunctive relief because Plaintiff has the option of suing for a refund.[2] *See Obermann v. United States*, 917 F.2d 28, No. 90-15063, 1990 WL 163556 at *1 (9th Cir. 1990) ("Oebermann is not facing 'irreparable harm' because he could sue for a refund pursuant to 26 U.S.C. § 7422."); *Petrie v. C.I.R.*, 686 F. Supp. 1407, 1416 (D. Nev. 1988) ("The financial difficulties which plaintiff may encounter pending a refund suit, do not establish irreparable harm."). After all, the purpose of the Anti-Injunction Act is to minimize interference with the assessment and collection of taxes and require taxpayers to file claims first with the IRS and then, if they do not succeed, to file lawsuits seeking refunds in the federal district courts. *See Church of Scientology*, 920 F.2d at 1484–85; *Johnson v. United States*, No. 99-S-1840, 2000 WL 637338, at *2 (D. Colo. Apr. 11, 2000).

Lastly, to obtain a TRO without notice to the adverse party, the movant must "clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." Fed. R. Civ. P. 65(b)(1)(A). Here, Plaintiff concedes that he moves for an unnoticed TRO. As discussed, Plaintiff has not shown a threat of irreparable harm.

//
//

---

[2] Plaintiff does not argue that he is precluded for any reason from suing for a refund.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion seeking a TRO and **DECLINES** to issue an order to show cause as to why a preliminary injunction should not issue. [Doc. No. 3.]

**IT IS SO ORDERED.**

Dated: June 29, 2016

Hon. Michael M. Anello
United States District Judge